## EMERY TRANSP. CO. v. UNITED STATES et al.

### Civ. A. No. 2164.

United States District Court.
S. D. Ohio, W. D.
Feb. 14, 1950.

Judgment Affirmed May 15, 1950.
See 339 U.S. 955, 70 S.Ct. 982.

645

Before ALLEN, Circuit Judge, and MELL G. UNDERWOOD and DRUFFEL, District Judges.

PER CURIAM.

The Court makes the following:

### Findings of Fact

1. Plaintiff's contract motor carrier operating authority to transport soap, soap powders and toilet articles, over irregular routes, from Jeffersonville, Ind., to Chicago, Ill., was acquired by purchase from Novak Trucking Co., which transaction was authorized and approved by the Interstate Commerce Commission, under Section 5 of the Interstate Commerce Act, 49 U.S.C. 5, 49 U.S.C.A. § 5, by a report and order of Division 4 entered May 20, 1946, and another report and order on reconsideration entered September 12, 1946. (Appendix A to plaintiff's complaint.) Plaintiff's contract motor carrier operating authority to transport such merchandise as is dealt in by wholesale food business houses, and in connection therewith, equipment, materials and supplies used in the conduct of such business, over irregular routes, from Chicago to points and places in Wisconsin, was purchased from Midwest Transfer Company of Illinois. This transaction was authorized and approved by the Commission by a report and order of Division 4 entered August 14, 1947. The latter operating rights appear to be broad enough to authorize plaintiff to transport soap, and soap powders from Chicago to points in Wisconsin. (Page 2, Appendix E to Plaintiff's complaint.)

2. Pursuant to the purchase of the operating rights from Novak Trucking Co. plaintiff entered into an individual contract with Colgate-Palmolive-Peet Company to transport soap, soap powders and toilet articles from Jeffersonville to Chicago and filed such contract, together with a schedule of minimum rates and charges, with the Commission covering such transportation (Tr. 10-11, 36). Many of the shipments handled under the contract mentioned were destined to points in Wisconsin but plaintiff having no authority to

Todd, Dillon & Curtis, Clarence D. Todd, Jr., Dale C. Dillon, Ralph E. Curtiss, Washington, D. C., Harry Kasfir, Cincinnati, Ohio, for plaintiff.

Ray J. O'Donnell, U. S. Atty., Cincinnati, Ohio, Frank J. Richter, Asst. U. S. Atty., Cincinnati, Ohio, William J. Hickey, James E. Kilday, Sp. Assts. to the Atty. Gen.

Herbert A. Bergson, Asst. Atty. Gen., for the United States.

Samuel R. Howell, Office of Chief Counsel, I. C. C., Washington, D. C., for Interstate Commerce Commission.

Albert B. Rosenbaum, Washington, D. C., David Axelrod, Chicago, Ill., for intervenors.

serve Wisconsin turned those shipments over to another motor contract carrier with such authority who, under separate contract with the shipper and separate rates on file with the Commission, performed the transportation service for the shipper to ultimate destination in Wisconsin (Tr. 18, 32). Following the purchase of the operating authority from Midwest Transfer Company of Illinois plaintiff entered into a contract with Colgate-Palmolive-Peet Company to provide transportation of the aforementioned commodities from Chicago to Wisconsin under a schedule of minimum rates which it filed with the Commission (Tr. 11-12, 36).

3. On February 24, 1948, plaintiff filed with the Commission a schedule stating new or reduced minimum rates or charges on soap, soap powders and toilet articles, designated as Supplement No. 1 to its schedule MF-I.C.C.No.97 (Appendix C to the complaint), which rates were made applicable only on through shipments moving from Jeffersonville to destinations in Wisconsin (Division 4's report, page 177; Tr. 28-29). Upon protest by the Central States Motor Freight Bureau, Inc., operation of the proposed schedule, filed to become effective March 29, 1948, was suspended until October 28, 1948, and the Commission, by Division 2, on March 26, 1948, ordered a hearing on the lawfulness of the proposed new and reduced rates. (Commission's report, page 176; Appendix E to plaintiff's complaint.)

4. Accordingly, the matter was assigned for hearing before a Commission examiner who heard testimony of plaintiff in support of the proposed new schedule of rates or charges. The examiner found that the proposed minimum rates were unlawful because they would apply on through shipments from Jeffersonville to Wisconsin, covering a service plaintiff was without authority to render (Tr. 10). In view of this finding the examiner recommended that plaintiff be ordered to cancel the suspended schedule. (Examiner's proposed report filed October 14, 1948; Commission's report, page 177-178; Appendix E to plaintiff's complaint.)

5. The Commission, by Division 2, on March 14, 1949, filed its report and order in Investigation and Suspension Docket No. M-2854, Soap and Toilet Articles, The Emery Transportation Company, in which it considered the recommended report of the examiner and in harmony with the findings contained therein found that the proposed schedule was unlawful in that it contained new or reduced charges for transportation which was without the scope of plaintiff's operating authority, and ordered the cancellation of the proposed schedule. (Commission's report, page 180; Appendix E to plaintiff's complaint.) The petition for reconsideration was denied and the final order of the entire Commission was entered requiring plaintiff to cancel its schedule theretofore filed. (Appendix F to plaintiff's complaint.)

6. The Commission has found that plaintiff's proposed schedule of new or reduced minimum rates or charges are unlawful for the reason that they contain rates for transportation which plaintiff is not authorized to perform and has supported such ultimate finding of fact by findings of evidentiary facts which support the ultimate finding.

7. The findings of the Commission are supported by substantial evidence and are not arbitrary or unreasonable.

And, the Court sets forth the following as its:

## Conclusions of Law

■ 1. The Commission was acting within the proper limits of its discretion in holding that plaintiff's proposed schedule of new or reduced minimum rates or charges is unlawful and in ordering the cancellation thereof.

■ 2. The Commission was acting within its lawful authority in finding that plaintiff was without operating rights to furnish the service for which the proposed rates were made applicable and that it was not required to consider the reasonableness of such rates in view of such findings.

■ 3. The order of the Commission requiring plaintiff to cancel the proposed

schedule of rates and charges is a legal and valid order.

4. Injunction should be denied and the suit should be dismissed.